**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Sherie Reed<br>10508 S. Ridgeland Ave., #12<br>Chicago Ridge, IL 60415<br><br>And<br><br>Leah Harbin<br>1110 Spiros Ct., Apt. 2B<br>Dekalb, IL 60115<br><br>       Plaintiff,<br><br>v.<br><br>GC Services, Limited Partnership<br>c/o CT Corporation System<br>350 N. St. Paul St.<br>Dallas, TX 75201<br><br>       Defendant. | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3. Plaintiff Sherie Reed ("Reed") incurred a debt obligation to American Express by use of a personal credit card, which is a "debt" as defined by 15 U.S.C. §1692a(5).

4. Reed is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Leah Harbin ("Harbin") is Reed's friend, who at one time was an authorized user of Reed's American Express credit card.

1

6. On or around March 7, 2010, Defendant telephoned Reed in connection with the collection of the debt.

7. During this communication, Reed informed Defendant that she had retained an attorney to file bankruptcy and as such could not pay the debt.

8. During this communication, Defendant informed Reed that Defendant would seek to collect the debt from Harbin if Plaintiff would not pay.

9. On or around March 7, 2010, Defendant telephoned Harbin in connection with the collection of the debt and left a message requesting that Harbin return Defendant's call.

10. On or around March 7, 2010, Harbin telephoned Defendant.

11. During this communication, Harbin informed Defendant that she was not responsible for the debt and requested that Defendant no longer call her in connection with the collection of the debt.

12. During this communication, Defendant falsely represented that Harbin needed to file a police report before Defendant would stop calling her.

13. During this communication, Defendant threatened to contact Harbin's family members if the debt was not resolved.

14. On or around March 8, 2010, Defendant again telephoned Harbin in connection with the collection of the debt.

15. During this communication, Defendant again threatened to telephone Harbin's family members if the debt was not resolved.

16. Defendant's actions caused Plaintiffs emotional distress.

17. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act as to Plaintiff Sherie Reed**

18. Reed incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c by communicating with a third party in connection with the collection of the debt.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act as to both plaintiffs**

20. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with the collection of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act as to Plaintiff Leah Harbin**

22. Harbin incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act as to both plaintiffs**

24. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

26. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiffs pray for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
 Timothy J. Sostrin
 Bar ID # 6290807
 233 S. Wacker
 Sears Tower, Suite 5150
 Chicago, IL 60606
 Telephone: 866-339-1156
 Email: tjs@legalhelpers.com
 Attorneys for Plaintiff